IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSAS TURNPIKE AUTHORITY,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY ANNE PORTER,<br><br>    Defendant. | Case No. 23-CV-1122-JAR-GEB |

## NOTICE AND ORDER TO SHOW CAUSE

**To Defendant Kimberly Anne Porter:**

Plaintiff Kansas Turnpike Authority ("KTA") filed a Petition against Defendant Kimberly Anne Porter in Sedgwick County District Court on February 9, 2023.[1] The limited action Petition was filed pursuant to K.S.A. Chapter 61 and seeks to recover from Defendant unpaid turnpike tolls totaling $5,507.10, plus attorney's fees, as well as foreclosure of a lien on her vehicle imposed pursuant to K.S.A. § 60-2020.  This matter is before the Court on Defendant's Notice of Removal filed June 12, 2023, asserting that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1441(a) (Doc. 1).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[2]  Section 1441(a) permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  As the party seeking to invoke the jurisdiction of this Court, Defendant bears the

---

[1] Doc. 1-1.

[2] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).

burden to allege facts to show that this lawsuit should proceed in federal court.³ Defendant invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 as grounds for removal of KTA's state court action to federal court.⁴ When determining whether a claim arises under federal law pursuant to § 1331, the court "examine[s] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses."⁵ "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."⁶ Because KTA's Petition does not assert any cause of action premised upon a violation of a federal statute or the Constitution, this Court does not appear to have jurisdiction under § 1331.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant is directed to show cause, in writing, on or before **July 20, 2023**, why the Court should not remand this case to Sedgwick County District Court for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c); KTA's response, if any shall be filed on or before **August 3, 2023**; there shall be no replies. The parties' submissions shall be limited to fifteen (15) pages.

**IT IS SO ORDERED.**

Dated: July 6, 2023

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

³ *See Dutcher v. Matheson*, 733 F.3d 980, 984–85 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.") (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999))).

⁴ Doc. 1 at 2.

⁵ *Dutcher*, 733 F.3d at 985 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

⁶ *Id.*(quoting *Anderson*, 539 U.S. at 6).