IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KANSAS TURNPIKE AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY ANNE PORTER,<br><br>Defendant. | Case No. 23-CV-1122-JAR-GEB |

### ORDER REMANDING CASE TO STATE COURT

Defendant Kimberly Anne Porter removed this action from Sedgwick County, Kansas District Court on June 12, 2023, asserting that this Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1441(a).  In response to the Notice of Removal, the Court issued an Order to Show Cause, directing that Plaintiff show cause why the action not be remanded for lack of jurisdiction (Doc. 7).  Both parties have responded and the Court is prepared to rule.  For the reasons stated below, the Court remands this case to state court.

**I.    Background**

Plaintiff Kansas Turnpike Authority ("KTA") filed a Petition against Defendant Kimberly Anne Porter in Sedgwick County, Kansas District Court on February 9, 2023.[1]  The limited action Petition was filed pursuant to K.S.A. Chapter 61, alleging that Defendant traveled the Kansas Turnpike 327 times between December 2021 and January 2023, without paying tolls.  The KTA seeks to recover from Defendant unpaid turnpike tolls totaling $5,507.10, plus attorney's fees, as well as foreclosure of a lien on her vehicle imposed pursuant to K.S.A. § 68-

---

[1] Doc. 1-1.

2020. Defendant filed a pro se answer to the Petition on March 3, 2023.[2] Counsel entered his appearance on Defendant's behalf on April 12, 2023. Defendant filed her Notice of Removal on June 12, 2023, asserting that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

**II.    Discussion**

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[3] As the party asserting the right to be in federal court, Defendant "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence."[4] Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[5]

Relevant here, Defendant invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 as grounds for removal of KTA's state court action to federal court.[6] When determining whether a claim arises under federal law pursuant to § 1331, the court "examine[s] the 'well pleaded' allegations of the complaint and ignore[s] potential defenses."[7] "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause

---

[2] *Id.*

[3] *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).

[4] *Id.* at 985 ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

[5] 28 U.S.C. § 1441(a).

[6] Doc. 1 at 2.

[7] *Dutcher*, 733 F.3d at 985 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

of action shows that it is based upon those laws or that Constitution."[8] A federal district court has an independent obligation to raise judicial issues sua sponte where necessary.[9]

Here, Defendant's jurisdictional claim rests on her answer. "Neither the plaintiff's anticipation of a federal defense nor the defendant's assertion of a federal defense is sufficient to make the case arise under federal law."[10] "Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim."[11] "A plaintiff may not avoid removal by failing to plead federal questions that are essential elements of the plaintiff's claim."[12] To allege federal jurisdiction under the artful pleading doctrine, Defendant must show that the KTA's claim is based on or requires the resolution of important or disputed questions of federal law.[13] In addition, "the doctrine of complete preemption provides an exception to the well-pleaded complaint rule."[14]

Defendant attempts to assert federal question jurisdiction based on purported federal constitutional defenses to a state collection action. She argues that the central issue in this case is the collection of tolls by the KTA, which inherently implicates federal and constitutional law, specifically the Federal-Aid Highway Act and Commerce Clause of the United States

---

[8] *Id.* (quoting *Anderson*, 539 U.S. at 6).

[9] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citations omitted).

[10] *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (citation omitted).

[11] *Id.* (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996); *see Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983).

[12] *Carrington Square, LLC v. Steeley*, No. 19-2386-CM, 2019 WL 5726897, at *1 (D. Kan. Nov. 5, 2019) (citing *Const. Laborers Vacation Tr.*, 463 U.S. at 22).

[13] *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–15 (2005).

[14] *Dutcher*, 733 F.3d at 985; *Constr. Laborers Vacation Tr.*, 463 U.S. at 22 (explaining that "a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim 'necessarily federal in character.'") (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).

Constitution.  Defendant argues that the general prohibition of tolls in the Interstate Highway System in 23 U.S.C. § 301 completely preempts state laws allowing tolls inconsistent with that statute.  Defendant further urges that the collection of tolls by a state-created entity on a federal interstate raises significant federal questions that warrant the jurisdiction of this Court, namely the authority of a state agency to regulate access to the Federal Interstate Highway System and to regulate interstate commerce by collecting tolls on a federal interstate highway.  These arguments are misplaced.

As to Defendant's first argument that 23 U.S.C. § 301 completely preempts state law, that statute states: "[e]xcept as provided in section 129 of this title with respect to certain toll bridges and toll tunnels, all highways constructed under the provisions of this title shall be free from tolls of all kinds."[15]  But the Kansas Turnpike was not constructed under 23 U.S.C. § 301, and the prohibition on tolls for federally funded highways does not apply.  As KTA points out, the Kansas Turnpike was not built with federal funds, as it was created in 1953 and predates the Interstate Highway System.[16]  Instead, KTA's cause of action is based in state law pursuant to K.S.A. § 68-2020.  Moreover, there is no private right of action to sue for violations of § 301.[17]  Thus, Defendant is precluded from relying on complete preemption as a jurisdictional basis for removal.

As to Defendant's second argument, KTA's right to relief does not necessarily depend on resolution of a substantial question of federal law.  This form of federal question jurisdiction

---

[15] 23 U.S.C. § 301.

[16] *See* K.S.A. § 68-2003.

[17] *See Town of Portsmouth v. Lewis*, 813 F.3d 54, 62–63 (1st Cir. 2016) (holding the anti-tolling provision in 23 U.S.C. § 310 neither explicitly nor impliedly provides for a private right of action) (collecting cases).

covers an "exceedingly narrow [and] 'special and small category' of cases."[18] Because the Federal-Aid Highway Act is not a component of the KTA's state law claim against Defendant, it cannot provide the basis for removal under the artful pleading doctrine. Nor does Defendant's broad reference to the Commerce Clause support her argument in favor of removal. Defendant simply has not shown that KTA brought its cause of action—a claim for damages and statutory penalties under Kansas Statutes for failure to pay tolls on the Kansas Turnpike—under federal law.

Because Defendant has not shown that the Petition involves complete preemption or requires resolution of a substantial question of federal law, she cannot meet her burden to show that jurisdiction is proper in federal court.[19] Accordingly, the Court remands this case to Sedgwick County, Kansas District Court.

**IT IS THEREFORE ORDERED BY THE COURT** that this case be **remanded** for lack of jurisdiction to the Sedgwick County, Kansas District Court.

**IT IS SO ORDERED.**

Dated: August 10, 2023

                                                          S/ Julie A. Robinson
                                                          JULIE A. ROBINSON
                                                          UNITED STATES DISTRICT JUDGE

---

[18] *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting *Empire Healthcare Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

[19] *See Caterpillar v. Williams*, 482 U.S. 386, 399 (1987) (holding "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.") (citations omitted).